UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANUEL DAVID HANNS,<br><br>　　　　　Defendant.<br>_____ | )<br>)<br>)<br>) Case No.: CR05-411-JLR<br>)<br>)<br>) DETENTION ORDER<br>)<br>)<br>) |

Offenses Charged:

　　　Counts 1, 3, and 5:  Fraudulent Use of Another Person's Identification.

　　　Counts 2, 4, and 6:  Social Security Fraud

　　　Counts 7, 8, 9 and 10:  Bank Fraud.

Date of Detention Hearing:

　　　On February 6, 2006, the defendant made his initial appearance.  On February 9, 2006, United States Magistrate Judge James P. Donohue released defendant on an appearance bond which included restrictions that the defendant not use, consume, or possess a controlled substance, unless the substance was prescribed to him by a physician, that he submit to drug and alcohol testing, and that he comply with drug testing.

　　　On March 30, 2006, Pretrial Services filed a Petition for Warrant for Defendant Under Pretrial Services Supervision, alleging that the defendant had violated the terms and conditions

of his bond as follows:

    1.    Manuel Hanns has violated the bond condition that he not use, consume, or possess a controlled substance, unless the substance is prescribed to him by a physician, by using cocaine on or about March 9, 2006.

    2.    Manuel Hanns has violated a special condition of bond requiring he submit to drug and alcohol testing as directed by Pretrial Services, by failing to submit to testing on March 7, 13, 16, 20, 22, 23, and 27, 2006.

    3.    Manuel Hanns has violated a special condition of his appearance bond, which requires that he comply with drug testing, by failing to call the telephone scheduling system as directed by Pretrial Services, on March 6, 14, 16, 19, 22, 23, 26, and 27, 2006.

    The undersigned Magistrate Judge issued a warrant for the defendant. On April 3, 2006, the defendant appeared to plead guilty to Count 8 in the Indictment. At that time, he was taken into custody for the alleged bond violations. He appeared before the Honorable Mary Alice Theiler to enter his plea. The plea was set over for hearing on April 4, 2006, and combined with the previously-scheduled bond-revocation hearing before the undersigned Magistrate Judge. The defendant was released on the same terms as the initial bond.

    On April 4, 2006, defendant appeared and pleaded guilty to Count 8 in the Indictment, charging him with Bank Fraud in violation of 18 U.S.C. § 1344. After taking the guilty plea, the Court conducted a bond revocation hearing. At the hearing, the defendant admitted the allegations in the petition. In addition, when the defendant was taken into custody, pursuant to the Warrant, he was tested for drugs. He again tested positive. He also made statements to Pretrial Services that he had considered not showing up for his scheduled plea hearing, but was persuaded to do so by family and an employer.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 2

15.13
Rev. 1/91

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) On February 9, 2006, defendant was released on bond with pretrial supervision and special conditions.

(2) The defendant has consistently failed to abide by the terms of his bond regarding drug usage and testing.

(3) The defendant has pleaded guilty to Count 8 in the Indictment.

(4) There appear to be no conditions or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings, and that will address the danger to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 4th day of April, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge